IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN THORNTON                                                                        PLAINTIFF

vs.                                  Civil No. 6:16-cv-06122

NANCY A. BERRYHILL                                             DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Brian Thornton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his disability application on September 10, 2013. (Tr. 17, 201-204). In this application, Plaintiff alleges being disabled due to broken legs, panic attacks, left eye blindness, anxiety, damaged knee cartilage, pins in both feet, bulging discs in her back, a torn rotator cuff, colitis, and "spastic" bowels. (Tr. 224). Plaintiff alleges an onset date of March 18, 2012. (Tr. 17). This application was denied initially and again upon reconsideration. (Tr. 90-138).

Plaintiff requested an administrative hearing on May 27, 2014. (Tr. 149-150). This request

was granted, and Plaintiff's administrative hearing was held on February 11, 2015 in Hot Springs, Arkansas. (Tr. 35-89). At this hearing, Plaintiff was present and was represented by James Stanley. *Id.* Plaintiff and Vocational Expert ("VE") Dwight Turner testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 39-40). As for his education, Plaintiff testified he had completed high school and one year of college. (Tr. 40-41).

On April 23, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's DIB application. (Tr. 14-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 18, 2012, his alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: generalized anxiety disorder, dysthymic disorder, degenerative disc disease of the lumbar spine, osteoarthritis of the knees, colitis, and vision disorder. (Tr. 19-20, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-29). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he cannot climb ladders, ropes, or scaffolds. He can only

occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. He can perform no work where reading of written material is required. Neither can he monitor of dials, gauges, or monitor screens, or visually inspect or assembly [assemble] small parts or components. Mentally, the claimant is limited to jobs involving simple, routine, repetitive tasks with only incidental interpersonal contact where supervision is simple, direct, and concrete (unskilled work).

*Id.*

Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 28, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 28-29, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as (1) motel cleaner (light, unskilled) with 370,000 such jobs in the nation; (2) inspection worker (light, unskilled) with 120,000 to 130,000 such jobs in the nation; (3) assembly worker (sedentary, unskilled) with 160,000 such jobs in the nation; and (4) machine tending label cutter (sedentary, unskilled) with 220,000 such jobs in the nation. (Tr. 29). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date of March 18, 2012 through the date of his decision or through April 23, 2015. (Tr. 29, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 11-12). On October 6, 2016, the Appeals Council denied his request for review. *Id.* On December 5, 2016, Plaintiff filed his Complaint in this action. ECF No. 1. Both Parties have filed appeal brief and have consented to the

jurisdiction of this Court. ECF Nos. 7, 11-13. Plaintiff also filed a reply brief in this matter. ECF No. 13. This case is now ready for decision.

**2.	Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 1-14. Specifically, Plaintiff argues the following: (A) the ALJ erred by failing to consider (and properly credit) the opinions of his treating physician; (B) the ALJ erred by failing to properly apply the *Polaski* factors; (C) the ALJ erred in presenting his hypothetical to the VE; and (D) the ALJ erred by failing to consider his impairments in

combination. *Id.* The Court will address each of these arguments.

### A. Treating Physician

Plaintiff claims the ALJ erred by failing to adopt the findings of his counselor, Lindsay Oliver Crane, LPC. ECF No. 11 at 4-7. Plaintiff claims the ALJ should have deferred to her RFC assessment. *Id.* Plaintiff also claims Ms. Crane was his "treating psychologist." *Id.*

Upon review, however, Ms. Crane was actually a licensed professional counselor, not a doctor or a psychologist. (Tr. 529). Thus, she is not an "acceptable medical source," and her opinions are not entitled to any controlling weight. *See* 20 C.F.R. § 404.1527(a)(2) (2017). *See also* 20 C.F.R. § 404.1502(a) (2017) (defining an "acceptable medical source"). Thus, the Court finds no basis for reversal on this issue.

### B. *Polaski* Evaluation

Plaintiff claims in both his opening brief and in his reply brief that the ALJ erred in evaluating his subjective complaints. ECF No. 12 at 4-11. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See*

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. (Tr. 14-29). Indeed, the ALJ noted that despite Plaintiff's allegations of disability, he had extensive daily activities, including being able to feed and water his horses, bag leaves, pick up trash, drive, shop, do yard work, and work part-time. (Tr. 27-28). Further, just two weeks after his alleged onset date, Plaintiff reported he was kicked by a horse and fell when attempting to get on his tractor. (Tr. 25-

26). Despite his alleged disability, Plaintiff was not compliant taking his medications as prescribed for his mental health impairments. (Tr. 23-24). Based upon these reasons, the Court cannot find the ALJ erred in evaluating Plaintiff's subjective complaints. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing the Court defers "to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence").

### C. Hypothetical to the VE

Plaintiff claims the hypothetical to the VE was incomplete, and the ALJ failed to provide a "full, complete and accurate hypothetical" to the VE. ECF No. 11 at 10-11. Plaintiff claims the ALJ relied upon a hypothetical response "that encompassed only part of the limitations and especially [part of] the mental limitations." *Id.* Thus, as Plaintiff claims, the VE's response to the ALJ's hypothetical does not provide substantial evidence supporting the ALJ's decision. *Id.*

Upon review, however, the Court notes that the Eighth Circuit has consistently held that a valid hypothetical need only include those impairments and limitations the ALJ finds credible. *See, e.g., Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005). As noted above, the ALJ properly found Plaintiff's subjective complaints were only partially credible, and the ALJ included all of Plaintiff's RFC restrictions in the operative hypothetical to the VE. Accordingly, Plaintiff's argument is without merit.

### D. Impairments in Combination

Plaintiff claims the ALJ erred by failing to consider his impairments in combination. ECF No. 11 at 11-12. Specifically, Plaintiff claims the ALJ never mentioned in his decision that he "considered all of Plaintiff's Thornton's disabilities in combination and how they interact with each other to preclude the performance of work activities." *Id.*

Upon review of this argument and the ALJ's opinion in this case, the Court finds Plaintiff's argument on this issue is without merit. Indeed, in his opinion, the ALJ expressly considered the combined effect of impairments and symptoms throughout his opinion when he stated "[t]he claimant does not have an impairment or *combination of impairments* that meets or medically equals the severity of one of the listed impairments. . . . ." and "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . ." (Tr. 20-21) (emphasis added).

The Eighth Circuit has specifically held that such statements show the ALJ considered the combined effect of Plaintiff's impairments. *See Raney v. Barnhart,* 396 F.3d 1007, 1011 (8th Cir. 2005). *See also Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994). Thus, the Court finds no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of February 2018.**

                                                  /s/   Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE